**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY, | Case No. 1:11-cv-00803-DLB PC |
| Plaintiff, | **ORDER GRANTING DEFENDANTS CHEN, ALLISON, AND SALAMA'S MOTIONS TO DISMISS** |
| v. | |
| A. K. SCRIBNER, et al., | ECF Nos. 13, 15 |
| Defendants. | |

I.  **Background**

Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on May 17, 2011. This action is proceeding on Plaintiff's First Amended Complaint, filed December 19, 2011, against Defendants D. G. Adams, K. Allison, M. Bendon, Chen, D. Deering, F. Salama, and A. K. Scribner for deliberate indifference to a serious medical need in violation of the Eighth Amendment. Pending before the Court is Defendant K. Allison's Motion to Dismiss, filed July 30, 2012, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for non-compliance with the statute of limitations. Def.'s Mot. Dismiss, ECF No. 13. Plaintiff filed an opposition on August 13, 2012. ECF No. 16. On August 28, 2012, Defendant Allison filed a reply. ECF No. 19.[1]

Also pending is Defendant Chen's Motion to Dismiss, filed August 1, 2012, pursuant to Rule

---

[1] On November 7, 2012, Defendant Salama filed a notice of joinder with Defendant Allison's Motion to Dismiss. ECF No. 26.

1

1 12(b)(6) of the Federal Rules of Civil Procedure, for non-compliance with the statute of limitations. ECF No. 15.  On August 24, 2012, Plaintiff filed his opposition.  ECF No. 18.  On August 28, 2012, Defendant Chen filed a reply.  ECF No. 21. The matters are submitted pursuant to Local Rule 230(l).

## II.     Summary of First Amended Complaint

Plaintiff was previously incarcerated at California Substance Abuse Treatment Facility ("CSATF") and Corcoran State Prison ("CSP") in Corcoran, California, where the events giving rise to this action occurred.  Plaintiff named as Defendants: CSATF warden Derral G. Adams, CSATF medical doctor D. Deering, medical doctor Chen at Gambro Healthcare, CSATF chief medical officers F. Salama and K. Allison, CSP chief medical officer M. Bendon, and CSP warden A. K. Scribner.

Plaintiff alleged the following.  On January 30, 2002, Plaintiff's central catheter came out. Plaintiff requested a permanent revision of his AV fistula in his arm for hemodialysis, not a temporary catheter.  On February 6, 2002, Defendant Deering returned Plaintiff to San Joaquin Community Hospital for another temporary catheter.  A temporary ACH catheter was left in Plaintiff's chest, which created a high risk of infection for Plaintiff.  Defendant Adams, Deering, and Salama knew of this higher risk of infection and did not have it replaced.  Defendants Adams, Deering, Salama, and Chen were aware that Plaintiff needed an AV fistula to receive adequate renal hemodialysis.  On May 21, 2002, Plaintiff was admitted to the hospital for an infection, and Defendants Adams, Deering, Salama, and Chen all knew that Plaintiff needed a permanent catheter. Plaintiff was later transferred on December 9, 2002 to CSP.  Defendant Allison failed to have Plaintiff's temporary catheter changed.  Defendant Bendon was fully aware that Plaintiff needed a permanent catheter rather than a temporary one, but failed to do so.  On February 28, 2003, Defendant Scribner was contacted directly regarding Plaintiff's medical needs but failed to respond.

On November 14, 2005, Defendant Chen was fired as Plaintiff's doctor because he told Plaintiff that as a prisoner he had no rights regarding his serious medical problems.  The ACH catheter was finally removed in 2006.

Plaintiff requests as relief a transfer to California Medical Facility for adequate renal care and hemodialysis, and compensatory and punitive damages.

### III.  Analysis

Defendants contend that Plaintiff failed to comply with the applicable statute of limitations. Defs. Salama and Allison's Mot. Dismiss 6:2-27, ECF No. 13; Def. Chen's Mot. Dismiss 7:9-25, ECF No. 15.  Because § 1983 contains no specific statute of limitations, federal courts should borrow state statutes of limitations for personal injury actions in § 1983 suits. *See Wallace v. Kato,* 549 U.S. 384, 387 (2007); *Lukovsky v. City of San Francisco,* 535 F.3d 1044, 1048 (9th Cir.2008). Federal courts should also borrow all applicable provisions for tolling the limitations period found in state law. *Wallace,* 549 U.S. at 387. California's statute of limitations for an action for a personal injury caused by the wrongful or negligent act of another is two years from the date of accrual. Cal. Civ. Proc. Code § 335.1 (2009). California's statute of limitations may be tolled up to two years for a prisoner's monetary damage claims. *Id.* § 352.1.[2]  Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim. *Lukovsky,* 535 F.3d at 1048. A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Id.*

### A.  Defendants Salama and Allison

Plaintiff's claim against Defendant Allison accrued at the latest on December 10, 2002, when Plaintiff was transferred to CSP.  Plaintiff's claim against Defendant Salama appears to have accrued by May 21, 2002, when an infection occurred because of the temporary catheter.  This action was filed on May 17, 2011.  Thus, absent equitable tolling or other equitable relief, Plaintiff's action would be untimely filed.

Plaintiff contends that he first filed his claims against Defendants in Case No. 1:05-cv-01284-LJO-BAM, *Calloway v. Warden Corcoran State Prison, et al.*[3]  Plaintiff contends that his medical care claims were dismissed without prejudice to re-filing.  Plaintiff is effectively contending that the time for filing should be tolled.

---

[2] Prior to January 1, 2003, the limitations period for personal injury actions was one year. Cal. Civ. Proc. Code § 340.3 (2002). If a plaintiff has asserted any claims that were not time barred on the effective date of the change in the limitations period, the plaintiff receives the benefit of the extension. *Miller v. Davis,* 420 F.Supp.2d 1108, 1110–11 (E.D.Cal.2006). Because Plaintiff is a state prisoner, the original one year limitations period plus the two year statutory tolling for incarceration results in Plaintiff's allegations from May 21, 2002 and December 10, 2002, not being time-barred as of January 1, 2003, when the statute was enlarged an additional year. Plaintiff thus receives the benefit of the extension

[3] The Court takes judicial notice of *Calloway v. Warden*.

3

As with the limitations period, equitable tolling is borrowed from the forum state, California. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: '1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith.'" *Id.* at 916 (quoting *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988)).

On October 11, 2005, Plaintiff filed his original complaint in *Calloway v. Warden*, alleging claims arising at Corcoran State Prison. On March 13, 2006, Plaintiff filed his first amended complaint. However, Plaintiff then notified the court that he wished to exclude his first amended complaint. The first amended complaint was thus stricken and the original complaint screened. Certain claims were dismissed and Plaintiff was granted leave to file an amended complaint. On December 13, 2007, Plaintiff filed a second amended complaint, where for the first time he alleged claims concerning his serious medical needs. However, Plaintiff did not make specific allegations concerning conduct at CSATF. On January 27, 2010, a Findings and Recommendation was issued, recommending dismissal of two separate claims involving prison officials allegedly ignoring Plaintiff's serious medical needs. The Findings and Recommendations were adopted by the district judge on March 10, 2010.

A review of the allegations indicates that Plaintiff has not satisfied the requirements for a showing of equitable tolling. First, Plaintiff's allegations concerned his medical needs at CSP, not CSATF. Defendants Allison and Salama were only employed at CSATF. Plaintiff thus failed to timely notice Defendants Allison and Salama of his claims against them. Plaintiff would also prejudice Defendants in requiring them to defend against this otherwise barred claim. Finally, Plaintiff's conduct has not been reasonable and in good faith. Even if Plaintiff had satisfied the first two prongs required to demonstrate equitable tolling, which he did not, Plaintiff still waited until May 17, 2011, more than fourteen months after his claims were supposedly screened out, to file this action. Thus, the Court finds that Plaintiff has failed to timely file his claims against Defendants Salama and Allison, and is not entitled to any equitable tolling. Defendants Salama and Allison's Motion to Dismiss will thus be granted.

### B. Defendant Chen

Plaintiff's claim against Defendant Chen would accrue, at latest, on November 14, 2005, when he was allegedly fired as Plaintiff's doctor regarding Plaintiff's kidney treatment. Plaintiff would thus have up to November 14, 2009 by which to have filed this action, which Plaintiff did not meet. Thus, absent equitable tolling or other equitable relief, Plaintiff's action would be untimely filed.

Plaintiff again contends that he filed these claims in his March 13, 2006 amended complaint. As stated previously, however, Plaintiff's March 13, 2006 complaint was stricken at Plaintiff's request. Plaintiff's second amended complaint, filed December 13, 2007, is the operative pleading.

In the December 13, 2007 complaint, Plaintiff names a "medical doctor Chan." However, Plaintiff makes no further allegations against doctor Chan. Thus, the Court cannot find that Defendant Chen in this action received timely notice of the claims against him. Plaintiff would also prejudice Defendant Chen in requiring him to defendant against this otherwise barred claim. Even if Plaintiff had satisfied the first two prongs required to demonstrate equitable tolling, which he did not, Plaintiff still waited until May 17, 2011, more than fourteen months after his claims were supposedly screened out, to file this action. Thus, the Court finds that Plaintiff has failed to timely file his claims against Defendant Chen and is not entitled to any equitable tolling. Defendant Chen's Motion to Dismiss will be granted.

### IV. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants Allison and Salama's Motion to Dismiss, filed July 30, 2012, is granted;
2. Defendant Chen's Motion to Dismiss, filed August 1, 2012, is granted; and
3. Defendants Allison, Salama, and Chen are dismissed from this action with prejudice.

IT IS SO ORDERED.

Dated:   **March 11, 2013**                    /s/ *Dennis L. Beck*
                                               UNITED STATES MAGISTRATE JUDGE

5