# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISIS JERMAINE CALLOWAY,<br><br>Plaintiff,<br><br>v.<br><br>A. K. SCRIBNER, et al.,<br><br>Defendants. | Case No. 1:11-cv-00803 DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 37] |

Plaintiff Jamisis Jermaine Calloway ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 17, 2011.[1]

On May 9, 2013, Plaintiff filed a motion for reconsideration of the Court's March 11, 2013, order granting Defendant Chen's motion to dismiss. He also requests the appointment of counsel.

## DISCUSSION

I. <u>Motion for Reconsideration</u>

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6)

---

[1] On June 1, 2011, Plaintiff consented to the jurisdiction of the Magistrate Judge. On February 21, 2013, and February 26, 2013, Defendants Allison, Salama, and Chen consented to the jurisdiction of the Magistrate Judge.

1

"is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff merely reasserts his previous arguments. This is insufficient to merit reconsideration. As previously determined, Plaintiff's claim against Defendant Chen is time-barred. At the latest, Plaintiff had until November 14, 2009, to file this action, but he failed to do so until May 17, 2011. Although Plaintiff contends he named "medical doctor Chan" in his 2007 Second Amended Complaint, he made no further allegations against "medical doctor Chan." Therefore, the Court cannot find that Detective Chen in this action received timely notice of the claims against him. Plaintiff's motion for reconsideration will be denied.

II.     Motion for Counsel

Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §

1915(e)(1), but it will do so only if exceptional circumstances exist.  <u>Palmer</u>, 560 F.3d at 970; <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  <u>Palmer</u>, 560 F.3d at 970 (citation and quotation marks omitted); <u>Wilborn</u>, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed together.  <u>Palmer</u>, 560 F.3d at 970 (citation and quotation marks omitted); <u>Wilborn</u>, 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  Therefore, Plaintiff's request for the appointment of counsel is HEREBY DENIED.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Plaintiff's motion for reconsideration is DENIED; and

2) Plaintiff's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **August 25, 2014**              /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE