# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>A. K. SCRIBNER, et al.,<br><br>　　　　　Defendants. | 1:11-CV-00803 DLB PC<br><br>ORDER GRANTING DEFENDANT BENDON'S MOTION TO DISMISS FOR VIOLATION OF THE STATUTE OF LIMITATIONS<br><br>ORDER DISMISSING DEFENDANTS BENDON, ADAMS, DEERING, AND SCRIBNER<br><br>ORDER TERMINATING CASE |

　　　　Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. The parties have consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

　　　　Plaintiff initiated this action on May 17, 2011. This action is proceeding on Plaintiff's First Amended Complaint, filed December 19, 2011, against Defendants D. G. Adams, M. Bendon, D. Deering, and A. K. Scribner for deliberate indifference to a serious medical need in violation of the Eighth Amendment. Pending before the Court is Defendant M. Bendon's Motion to Dismiss, filed September 29, 2014, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for non-compliance with the statute of limitations. (Def.'s Mot. Dismiss, ECF No. 50.) Plaintiff filed an opposition on October 20, 2014. (Pl.'s Opp'n, ECF No. 55.) On November 7, 2014, Defendant Bendon filed a reply. (Pl's Reply, ECF No. 63.) The matter is submitted pursuant to Local Rule 230(l).

I. **Summary of First Amended Complaint**

Plaintiff was previously incarcerated at California Substance Abuse Treatment Facility ("CSATF") and Corcoran State Prison ("CSP") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff named as Defendants: CSATF warden Derral G. Adams, CSATF medical doctor D. Deering, medical doctor Chen at Gambro Healthcare, CSATF chief medical officers F. Salama and K. Allison, CSP chief medical officer M. Bendon, and CSP warden A. K. Scribner.

Plaintiff alleged the following. On January 30, 2002, Plaintiff's central catheter came out. Plaintiff requested a permanent revision of his AV fistula in his arm for hemodialysis, not a temporary catheter. On February 6, 2002, Defendant Deering returned Plaintiff to San Joaquin Community Hospital for another temporary catheter. A temporary ACH catheter was left in Plaintiff's chest, which created a high risk of infection for Plaintiff. Defendant Adams, Deering, and Salama knew of this higher risk of infection and did not have it replaced. Defendants Adams, Deering, Salama, and Chen were aware that Plaintiff needed an AV fistula to receive adequate renal hemodialysis. On May 21, 2002, Plaintiff was admitted to the hospital for an infection, and Defendants Adams, Deering, Salama, and Chen all knew that Plaintiff needed a permanent catheter. Plaintiff was later transferred on December 9, 2002 to CSP. Defendant Allison failed to have Plaintiff's temporary catheter changed. Defendant Bendon was fully aware that Plaintiff needed a permanent catheter rather than a temporary one, but failed to do so. On February 28, 2003, Defendant Scribner was contacted directly regarding Plaintiff's medical needs but failed to respond.

On November 14, 2005, Defendant Chen was fired as Plaintiff's doctor because he told Plaintiff that as a prisoner he had no rights regarding his serious medical problems. The ACH catheter was finally removed in 2006.

Plaintiff requests as relief a transfer to California Medical Facility for adequate renal care and hemodialysis, and compensatory and punitive damages.

**II.     Statute of Limitations**

Defendant Bendon contends that Plaintiff failed to comply with the applicable statute of limitations.  Because § 1983 contains no specific statute of limitations, federal courts should borrow state statutes of limitations for personal injury actions in § 1983 suits.  See Wallace v. Kato, 549 U.S. 384, 387 (2007); Lukovsky v. City of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008).  Federal courts should also borrow all applicable provisions for tolling the limitations period found in state law.  Wallace, 549 U.S. at 387.  California's statute of limitations for an action for a personal injury caused by the wrongful or negligent act of another is two years from the date of accrual. Cal. Civ. Proc. Code § 335.1 (2009). California's statute of limitations may be tolled up to two years for a prisoner's monetary damage claims. Id. § 352.1.2  Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim. Lukovsky, 535 F.3d at 1048.  A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Id.

**A.     Analysis**

Plaintiff's claim against Defendant Bendon concerns conduct that occurred while Plaintiff was housed at CSP.  Plaintiff alleges that Defendant Bendon failed to see that Plaintiff's chest catheter was replaced with a permanent fistula or graft, which allegedly caused Plaintiff numerous infections and hospitalizations as well as extensive pain and suffering.  Plaintiff's claim against Defendant Bendon accrued at the latest on April 18, 2006, when Plaintiff was transferred out of his custody at CSP.  This action was filed on May 17, 2011.  Thus, absent equitable tolling or other equitable relief, Plaintiff's action was untimely filed by over a year.

Plaintiff contends that he first filed his claims against Defendants in Case No. 1:05-cv-01284-LJO-BAM, Calloway v. Warden Corcoran State Prison, et al.[1]  Plaintiff contends that his medical care

---

[1] The Court hereby takes judicial notice of Calloway v. Warden Corcoran State Prison, et al. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (The Court may take judicial notice of court records in other cases).

claims were dismissed without prejudice to re-filing. Plaintiff is effectively contending that the time for filing should be tolled.

As with the limitations period, equitable tolling is borrowed from the forum state, California. Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: '1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith.'" Id. at 916 (quoting Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988)).

On October 11, 2005, Plaintiff filed his original complaint in Calloway v. Warden, alleging claims arising at Corcoran State Prison. On March 13, 2006, Plaintiff filed his first amended complaint. However, Plaintiff then notified the Court that he wished to exclude his first amended complaint. The first amended complaint was thus stricken and the original complaint screened. Certain claims were dismissed and Plaintiff was granted leave to file an amended complaint. On December 13, 2007, Plaintiff filed a second amended complaint, where for the first time he alleged claims concerning his serious medical needs. However, Plaintiff did not make specific allegations concerning conduct by Defendant Bendon. On January 27, 2010, a Findings and Recommendation was issued, recommending dismissal of two separate claims involving prison officials allegedly ignoring Plaintiff's serious medical needs. The Findings and Recommendations were adopted by the district judge on March 10, 2010. Therefore, Defendant Bendon did not have timely notice of the claim through Plaintiff's filing of the previous action.

Plaintiff also alleges that he was mentally incompetent to conduct his legal affairs because he was involuntarily medicated from November, 2009, until February, 2012. Defendant correctly argues that a mental incompetency that arises after a cause of action has accrued does not toll the statute of limitations. In Larsson v. Cedars of Lebanon Hospital, 97 Cal.App.2d 704, 707 (1950), the court held that under California tolling law, incompetency arising after the accrual of a cause of action does not suspend the running of the statute of limitations. Here, Plaintiff's alleged incompetency occurred over three years

after his claim against Defendant Bendon accrued.  Therefore, Plaintiff's alleged incompetency did not toll the limitations period.

In addition, Plaintiff's claim that he was involuntarily medicated from November, 2009, to February, 2012, does not show he was rendered so incompetent as to be unable to prosecute his case.  In fact, the record shows otherwise.  In this case, Plaintiff filed his original and amended complaints during the relevant time period.  In addition, Plaintiff was actively litigating at least six other federal actions during this time period: Calloway v. Adams, et al., Case No. 1:11-CV-01281-RRB; Calloway v. Veal, et al., Case No. 2:09-CV-02907-GEB-EFB; Calloway v. Kelley, et al., Case No. 1:11-CV-01090-LJO-SAB; Calloway v. Veal, et al., Case No. 1:08-CV-01896-LJO-GSA; Calloway v. Warden, Corcoran State Prison, Case No. 1:05-CV-01284-BAM; Calloway v. Adams, et al., Case No. 09-17696 (9th Cir.).[2] Plaintiff thus fails to demonstrate that his alleged mental incompetency rendered him unable to prosecute his case.

Accordingly, Plaintiff fails to satisfy the requirements for a showing of equitable tolling. First, Plaintiff failed to timely notice Defendant Bendon of his claim against him.  Second, Defendant Bendon would be prejudiced by requiring him to defend against this otherwise barred claim.  Finally, Plaintiff's conduct has not been reasonable and in good faith.  Thus, the Court finds that Plaintiff has failed to timely file his claim against Defendant Bendon, and Plaintiff is not entitled to any equitable tolling.  Defendant Bendon's Motion to Dismiss will therefore be granted.

### III.    Defendants Adams, Deering, and Scribner

Service has not yet been effected on Defendants Adams, Deering, and Scribner.  The Court notes that Defendants filed a Statement of Fact of Death of Defendant Deering on September 29, 2014. Defendant urges the Court to dismiss these three remaining Defendants since they are similarly situated to Defendants Allison, Chen, Salama, and Bendon.  According to the First Amended Complaint, Plaintiff's allegations against Defendants Adams, Deering, and Scribner concerned events which accrued at the

---

[2] The Court takes judicial notice of the above-referenced cases. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (The Court may take judicial notice of court records in other cases).

latest on April 18, 2006, when Plaintiff was transferred from CSP. Therefore, Defendant Bendon is correct that Plaintiff's claim against the three remaining Defendants suffers from the same timeliness defect. "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury of U. S. of Am., 644 F.2d 1341, 1345 (9th Cir. 1981). Accordingly, Defendants Adams, Deering, and Scribner will also be dismissed, thereby concluding this action in its entirety.

**IV.   Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant Bendon's Motion to Dismiss, filed September 29, 2014, is granted;

2. Defendants Bendon, Adams, Deering, and Scribner are dismissed from this action with prejudice; and

3. The action is terminated in its entirety.

IT IS SO ORDERED.

Dated:   **December 2, 2014**                    /s/ Dennis L. Beck
                                                 UNITED STATES MAGISTRATE JUDGE